IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02606–EWN–PAC

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

Plaintiff,

v.

M&M FINANCIAL CONSULTING, INC., an Illinois corporation, MASON BOWMAN, MARK MITCHELL,

Defendants.

**AGREED ORDER IN LIEU OF PRELIMINARY INJUNCTION HEARING**

Plaintiff 20/20 Financial Consulting, Inc., ("20/20"), by and through its undersigned counsel, and Defendants M&M Financial Consulting, Inc. ("M&M"), Mason Bowman ("Bowman") and Mark Mitchell ("Mitchell"), (collectively referred to as the "Defendants"), by and through their undersigned counsel, in lieu of conducting the preliminary injunction hearing scheduled before this Court for March 2, 2005, hereby agree to the entry of this Order as follows:

ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      That pending a full hearing on the merits of this case, Defendants M&M, Bowman and Mitchell, their agents, servants, employees, officers, attorneys, successors, assigns and any persons acting in active concert or participation with them who receive notice of this Order are hereby preliminarily restrained and enjoined from:

   a.      using, copying or disclosing for any purpose (except in defense of this litigation) any of those documents, or any part thereof or any variations thereof in

whatever format they exist, including but not limited to electronic format or hard copies, that were created and maintained and used by 20/20 in its business, (the "20/20 Documents"), and that were marked as Plaintiff's Deposition Exhibits 6 (except for the North Carolina Power of Attorney Form), 7 and 11, and those documents Bates numbered as Defendants 000996 and 001002 through 1010; and

    b.    using or disclosing for any purpose (except in defense of this litigation) any of those documents, or any part thereof in whatever format they exist, including but not limited to electronic format or hard copies, that Defendants or anyone acting on behalf of the Defendants created by modifying, revising or editing any of the 20/20 Documents (the "Modified 20/20 Documents"), and that Defendants have produced in discovery bearing Bates numbers 000990 through 000992, 000997 through 000999, 001011 through 001016, 001000 through 001001, 001089 through 001106, 001109, 001089 through 001106, 001131 through 001132, 001143 through 001144, 001146 through 001149. (In the event that additional documents are identified in Plaintiff's deposition Exhibit 1 that are 20/20 Documents or Modified 20/20 Documents then this paragraph may be supplemented to include such materials); and

    c.    directly or indirectly disclosing the names of, retaining, hiring, engaging, and/or contracting or receiving any tax lien information from those specific third party vendors of tax lien information that are identified in 20/20's list of Tax Lien Vendors was provided to Defendants' counsel via e-mail on February 22, 2006, which e-mail and its contents shall be retained by Defendants' counsel under the Stipulation and Protective

Order as "CONFIDENTIAL-ATTORNEYS' EYES ONLY".  Notwithstanding anything to the contrary, the restriction contained in paragraph 1(c) as it applies only to the one third-party national vendor identified by Defendants during the depositions of Bowman and Mitchell as being the sole national vendor ever used by Defendants shall not become effective until March 31, 2006.

2. That M&M, Bowman and Mitchell, their agents, servants, employees, officers, attorneys, successors, assigns and any persons acting in concert with them shall before February 25, 2006 destroy, delete and permanently and irretrievably remove from each of their respective computer systems, any 20/20 Documents or 20/20 Modified Documents, except that notwithstanding the foregoing, the attorneys for the defendants may retain copies of any materials that are deleted solely for the purpose of defending this case in the event that it does not settle; and

3. That M&M, Bowman and Mitchell, their agents, servants, employees, officers, attorneys, successors, assigns and any persons acting in concert with them shall by February 25, 2006 destroy any hard copies of 20/20 Documents or 20/20 Modified Documents that are in their possession, custody or control, except that notwithstanding the foregoing, the attorneys for the defendants may retain copies of those materials solely for the purpose of defending this case in the event that it does not settle; and

4. To confirm Defendants' compliance with Paragraph 1(c) above, Defendants shall provide Plaintiff's counsel with a copy of any invoices they receive from any third party vendors of tax lien information and proof of payment made to any vendors of tax lien information.

Defendants shall also provide to its counsel the names of all third party vendors of tax lien information Defendants may wish to use prior to being used by Defendants so Defendants' counsel can verify that such vendor is not on the list in the February 22, 2006 e-mail sent to Defendants' counsel.  If it is on this list, Defendants' counsel shall instruct Defendants that it may not be used and Defendants shall not use it or them to receive any tax lien information. The information provided under this Paragraph shall be designated as "Confidential - Attorneys' Eyes Only" pursuant to the February 16, 2006 Protective Order entered in this case and shall be provided to Plaintiff's counsel approximately every 60 days until a full hearing on the merits of this case is conducted or until further order of court.

     5.     Nothing in this Order shall prevent Defendants, their agents, servants, employees, officers, attorneys, successors, assigns and any persons acting in concert with them from conducting business, including but not limited to small business consulting and tax negotiation and representation, so long as they comply with the provisions of this Order.  In addition, notwithstanding any provision to the contrary, Defendants may utilize any documents in conducting their business which are publicly available, including but not limited to any documents published and/or provided by the Internal Revenue Service, or any other governmental body or private individual or organization.

     6.     Plaintiff represents and warrants that 20/20's list of Tax Lien Vendors referred to in Paragraph 1(c) above is a true and accurate list of the third party vendors from which Plaintiff purchased tax lien information during the time period that Bowman and Mitchell were employed by Plaintiff and that Plaintiff continues to purchase tax lien information from those vendors.

Defendants' agreement to temporarily refrain from doing business with those vendors pending a resolution of the merits of this case as set forth above is expressly based on Plaintiff's representations contained in this Paragraph. Should that representation prove not to be true, Defendants' may petition this Court for appropriate relief, including but not limited to a modification of this Agreed Order.

7. The fact that the Defendants have stipulated to the terms contained in this Agreed Order does not and shall not constitute an admission by Defendants that (i) the 20/20 Documents or the Modified 20/20 Documents are or were 20/20's confidential or proprietary trade secrets or trade value information, (ii) that Defendants' possession and or use of the 20/20 Documents or the Modified 20/20 Documents was in any way wrongful, and (iii) the entry of this Order and compliance with this Order (a) is not an admission of liability which Defendants specifically deny, (b) shall not prejudice Defendants' ability to contest the claims alleged in the Complaint which Defendants expressly deny, and (c) shall not prejudice 20/20's ability to seek permanent injunctive relief.

8. In the event that this case does not settle with the full agreement of all parties on all issues, nothing contained in this order shall preclude any party from asserting any claim, defense, counterclaim or set-off that any party may have; and

9. This Order shall remain in effect pending the final trial on the merits of this case, or unless the Order is vacated or modified by either an agreement of the parties or by further order of this Court,. There shall be no bond for this Order, and

10. The Motion for Entry of an Agreed Order in Lieu of a Preliminary Injunction Hearing and this Agreed Order are not admissible as evidence pursuant to Rule 408 of the Federal Rules of Civil Procedure.

11. Defendants warrant and represent that no other documents or electronic media were obtained from Plaintiff, in whole or in part, at any time from Plaintiff except the ones identified in Paragraphs 1a and 1b above. In the event that Defendants or its agents or attorneys discover that any other documents or electronic media from Plaintiff are in Defendants' possession or control, then Defendants shall forthwith notify their counsel and produce the same to him. Counsel for Defendants shall immediately upon receipt from Defendants notify counsel for the Plaintiff of such documents or electronic media. It is further ordered Defendants' counsel shall immediately make such documents available to Plaintiff's counsel.  Defendants shall, upon the request of Plaintiff's counsel, immediately delete or destroy such documents or permanently and irretrievably delete them from any computer system in its possession or control except that notwithstanding the foregoing, the attorneys for the defendants may retain copies of those materials solely for the purpose of defending this case in the event that it does not settle

12. The March 2, 2006 preliminary injunction hearing is hereby vacated.

Dated: February 23, 2006

                                        ENTER:    s/ Edward W. Nottingham
                                                          EDWARD W. NOTTINGHAM
                                                          United States District Judge