IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02606-EWN-PAC

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

    Plaintiff,

v.

M & M FINANCIAL CONSULTING, INC., an Illinois corporation,
MASON BOWMAN, and
MARK MITCHELL,

    Defendants.

---

## MINUTE ORDER

### ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN

    IT IS HEREBY **ORDERED** that the Joint Motion for Entry of Stipulated Protective Order [filed February 16, 2006; Doc. No. 17] is **GRANTED.**

    With the interlineation in paragraph 8, requiring the parties to comply with D.C. Colo.LCivR. 7.2 and 7.3, the <u>attached</u> Stipulated Protective Order shall be made an Order of the Court this date.

Dated:  February 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05 CV 02606 EWN PAC

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

Plaintiff,

v.

M&M FINANCIAL CONSULTING, INC., an Illinois corporation, MASON BOWMAN, MARK MITCHELL,

Defendants.

## STIPULATED PROTECTIVE ORDER

PURSUANT TO Fed. R. Civ. P. 26(c), each party to this action stipulates and agrees that this Stipulation and Protective Order shall govern the handling of documents, depositions, deposition exhibits, discovery requests, including interrogatories, document requests and requests for admissions, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews and all other information disclosed, produced, given or exchanged by and among the parties and non-parties to this action. This Stipulation and Protective Order shall apply to any of the foregoing types of information and/or documents disclosed or produced in this action whether prior to the date this Stipulation and Protective Order is signed or after.

### RECITALS

WHEREAS, during the course of this litigation, the parties hereto may be provided or seek to obtain discovery of information which the party from whom the information is obtained

considers to be a trade secret, proprietary, or other confidential research, development, financial, personal or commercial information. Furthermore, some of the information is such that the party disclosing and/or producing it will claim that it is competitively sensitive information to which its competitors or potential competitors should not have access. All of the foregoing is entitled to protection under Fed. R. Civ. P 26(c).

WHEREAS, disclosure of such information might be harmful to the parties; and

WHEREAS, however, the parties reserve the right to object to any discovery request that they believe should not require the production of any documents or any other discovery for any reason even if the documents or discovery may be protected by this Stipulation and Protective Order;

IT IS HEREBY ORDERED that:

1. <u>Scope of Order.</u> This Stipulation and Protective Order ("Order") shall govern the use and disclosure of all alleged confidential, proprietary or trade secret information ("Protected Information") produced by or on behalf of any party or furnished by any person associated with any party at any time during the course of this litigation in any pleading, deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding in this action until order of this Court. Any alleged confidential or proprietary or trade secret information produced in discovery, including initial disclosures, shall only be used for the purposes of preparing for and conducting this action (including any appeals or retrials) and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation and only as provided in this Order.

2

Protected Information shall include, *inter alia*, any document or thing that the producing party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is non-public, and which the producing party would not normally reveal to third parties or which it would cause third parties to maintain in confidence. Protected Information further includes, but is not limited to, technical information such as product design and manufacturing techniques or processing information, computer code, formulae, research and development information, customer lists, sales and cost information, and pricing information, patent-license agreements, or information that was generated in connection with, or which reveals the content of, patent licensing negotiations, information that a party has treated as confidential and is not subject to public disclosure, information within the definition of trade secret as set forth in the Colorado Trade Secret Act, and any other information that would qualify as confidential pursuant to Federal Rules of Civil Procedure, Federal Rules of Evidence, or any other applicable legal standard.

2.  <u>Confidentiality Designations</u>. Any party to this action may designate any document, information, or discovery response, produced in this case as protected by marking it at or before the time of production or exchange with the legend "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such designations may also be made in the course of depositions. All "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designations must be based on the good faith belief that the information constitutes sensitive business or commercial information. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal or financial information or (b) information subject to a legally protected right of privacy.

3.  <u>Undertaking</u>. Any documents or materials marked either "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal of this action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities and access to such information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order.

4.  <u>Manner of Designation</u>. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the word "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" on all or any part of the document or thing. Wherever practicable, the designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall be made prior to, or contemporaneously with, production or disclosure. Documents or information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 11.

All deposition transcripts in this action shall be treated by all parties as provisionally protected as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for a period of fourteen (14) calendar days following receipt of the transcripts (or, if such counsel has not ordered a transcript,

within 14 days of the date that the reporter notifies counsel that the original transcript is available for review). Within the fourteen (14) day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information by giving written notice of such designation to every other party to the action. To the extent possible, the party making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" are appropriately bound by the reporter. The parties should avoid designating entire transcripts as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" where only a portion thereof or the exhibits used therewith qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated. Failure of a party to so designate any particular portion of the transcript establishes that such portion is not subject to this Order. The designation may also be made, with no further action necessary, at the time of such disclosure by a statement on the record during a deposition by counsel that said testimony is "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

In the event that a party is permitted by agreement or by order of this Court to inspect or review documents prior to production, all documents and things produced at such inspection will be considered to be ATTORNEYS' EYES ONLY. At the time documents and things are actually produced, however, an appropriate designation will be placed on each document or thing in accordance with this Protective Order.

The parties to this Order may modify the procedures set forth above through agreement of counsel on the record at such deposition or at the time of exchange of documents or other discovery, so long as that agreement is in writing, without further order of the Court.

5

CH1 11020413.1

5. <u>Use and Access of Confidential Information.</u>

   a. <u>CONFIDENTIAL—ATTORNEYS' EYES ONLY:</u> Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

      i. The Court; or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action;

      ii. Counsel for the parties in this proceeding and their paralegals, law clerks, and clerical staff who are providing active assistance with this action. "Counsel," as used herein, shall mean outside counsel for the parties who have entered appearances in this case and other lawyers in their respective law firms who are directly involved in this litigation, but not corporate counsel for any of the parties;

      iii. Any expert or technical advisor retained or employed by any party for the purposes of this action, provided that said experts or consultants have executed a certification in accordance with Paragraph 6 below;

      iv. Other persons who may be specifically designated by written consent of all attorneys of record or pursuant to an order of the Court.

   b. <u>CONFIDENTIAL:</u> Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

6

CH1 11020413.1

    i. The Court; or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action; and Counsel for the parties in this proceeding and to other attorneys, paralegals, law clerks, and clerical staff directly working with those attorneys on this litigation;

    ii. Any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient has executed a certification in accordance with Paragraph 6 below; any party to this action including no more than five (5) regular employees of any corporate party in receipt of information produced in this action designated "CONFIDENTIAL"; any actual or potential witness; and any person testifying at a deposition; but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such witness has executed a certification in accordance with Paragraph 6 below.

    iii. Any expert or technical advisor retained or employed by any party for the purposes of this action, provided that said experts or consultants have executed a certification in accordance with Paragraph 6 below; and

    iv. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court.

6. <u>Disclosure to Witnesses and Technical Advisers and Certification of Confidentiality</u>. Before giving any witness, or technical adviser access to information,

7

CH1 11020413.1

documents or things designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," the parties' Counsel who seeks to disclose such information to such witness, or technical adviser shall require the witness or technical adviser to read and agree to be bound by this Order by signing a the following certification, a copy of which is attached to this Order as Exhibit A:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Court's Protective Order on Confidentiality in *20/20 Financial Consulting, Inc. v. M&M Financial Consulting, Inc., Mason Bowman, and Mark Mitchell* ("Order"). I have been given a copy and have read that Order.

> I have had its meaning and effect explained to me by counsel who provided me with the information. I understand that such information and documents, and any copies, any notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding. I agree to be bound by the terms and conditions of this Order and consent to the jurisdiction of this Court for purposes of enforcement of the terms of this Order. Further, I promise to return any copies of documents, which I have been given in connection with this Action at the end of my deposition or interview.

The term "technical adviser" shall mean any person, including but not limited to a proposed expert witness or consultant, only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions herein, or to otherwise consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; provided, however, that except as otherwise set forth herein no party, or person currently employed by a party, or person currently employed by any competitor of the party shall so qualify hereunder and further provided that the information is used solely in connection with this matter.

7. <u>Safeguarding Confidential Information</u>. The recipient of any "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use. To the extent such authorized persons require copies of Confidential Information any such copies shall be used and maintained solely for the purposes of this action in accordance with the provisions set forth in this Order.

8. <u>Filing Procedures</u>. [handwritten insertion: All counsel must follow DC ColoLCivR 7.2 + 7.3 regarding filing of documents under seal.] Any party incorporating protected material into another document, including any document filed with the court, shall designate any affected portions of such a document as protected pursuant to this Protective Order. In the event "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with this Court, such information shall be filed and kept under seal by the Clerk until further order of this Court by the following procedure: The document shall be submitted to the Court for filing in a sealed envelope or other appropriate

9

sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL INFORMATION—UNDER PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by [name of party] in connection with its [motion for …] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court.

All material filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" as set forth above in paragraph 4 prior to filing or submission. In the event that "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material is used or disclosed in any hearing or at trial, that portion of the hearing or trial proceedings at which such material is disclosed shall be closed to the public and such material shall not lose its protected status by reason of such use or disclosure. If any person fails to file protected documents, things or information under seal, the party or non-party claiming confidentiality for the documents, things, or information, or any part thereof, may request that the Court place the filing under seal. All such materials so filed shall be released from confidential treatment only upon further order of the Court. No Party who has received Confidential Information shall offer it into evidence, or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Designating or Producing Party of its intent to do so. At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use

10

of Confidential Discovery Material in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

9. **Final Disposition.** Within thirty (30) days of the conclusion of this action, including any appeals, all "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information furnished pursuant to the terms of this Order, any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials. Counsel for all parties shall work in good faith to obtain compliance of this paragraph from any individual who is under counsels' control and who obtained Confidential Information pursuant to this Order.

10. **No Presumption of Protected Status.** This Protective Order does not address discovery objections nor preclude any party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent powers. In addition, the entry of this Order and the designation of any document or information as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" is not an admission or acknowledgment, and may not be used to argue, that such information or document constitutes confidential or trade secret information.

11. **Challenging Confidential Designation.** A party may oppose the designation of protected material at any time before trial by notifying the opposing party in writing. If a party opposes the designation of any particular document designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" the parties shall attempt to resolve the

11

CH1 11020413.1

dispute by agreement. If the parties are unable to resolve the dispute after receiving written notice, then the opposing party may file a motion with the Court to have the designation modified or removed. The burden remains on the designating party to demonstrate that the material in question contains "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information as described in Paragraph 2 of this Order. Until a motion is filed and resolved by the Court, all documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing party as prescribed in this Order.

12.  Modification of Order. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the parties can agree, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Information until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

13.  Inadvertent Production. The inadvertent production pursuant to discovery by any party of any document or communication that is protected by privilege, work product doctrine or statutory confidentiality will not operate as a waiver of the producing party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s). Any information, document or

12

thing mistakenly produced or disclosed without a "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation may be subsequently designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.

14. <u>Continuing Jurisdiction</u>. Unless superseded by later order, this Order shall remain in full force and effect after the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, and all other persons to whom protected information has been disclosed for the purposes of enforcing the terms of this Order and/or redressing any violations thereof. The existence of this Order shall be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves to the protections of this Order.

15. Neither this Order, the producing or receiving of Confidential Information hereunder, nor otherwise complying with the terms of this Order shall:

   a. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any part to be Confidential Information;

13

CH1 11020413.1

b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

c. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

DATED:        February 16, 2006

                                        By:    s/ Kristin Rosella

                                               Daniel F. Lanciloti
                                               Kristin Rosella
                                               Seyfarth Shaw LLP
                                               55 East Monroe St., Suite 4200
                                               Chicago, Illinois 60603
                                               Phone (312) 346-8000
                                               Fax: (312) 269-8869

                                               James England
                                               Hutchinson Black & Cook LLC
                                               921 Walnut Street, Suite 200
                                               Boulder, CO 80302-5173
                                               Phone: (303) 442-6514
                                               Fax: (303) 442-6593

                                               Attorneys for M&M FINANCIAL
                                               CONSULTING, INC., MASON
                                               BOWMAN and MARK MITCHELL

DATED:        February 16, 2006

                                        By:    s/ Robert Mendel

                                               Robert Mendel
                                               Robert Mendel, P.C.
                                               1406 Pearl Street
                                               Boulder, CO 80302
                                               e-mail: samjoym@yahoo.com
                                               Phone: (303) 444-6638
                                               Fax number (303) 415 9748

                                               James R. Christoph
                                               McCormick & Christoph
                                               1406 Pearl Street
                                               Boulder, CO 80302
                                               Phone (303) 443-2281
                                               Fax: (303) 443-2862

                                               Attorneys for 20/20 FINANCIAL
                                               CONSULTING, INC.

                        Dated:  Feb 24 06

                        ENTER:  s/ Patricia Coan
                                Magistrate Judge

15

CH1 11020413.1

**(EXHIBIT A)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:05 CV 02606 EWN PAC

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

Plaintiff,

v.

M&M FINANCIAL CONSULTING, INC., an Illinois corporation, MASON BOWMAN, MARK MITCHELL,

Defendants.

---

## ACKNOWLEDGEMENT

I, _____, declare:

My address is _____

_____.

My present occupation is _____.

    I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Court's Protective Order on Confidentiality in *20/20 Financial Consulting, Inc. v. M&M Financial Consulting, Inc., Mason Bowman, and Mark Mitchell* ("Order"). I have been given a copy and have read that Order.

    I have had its meaning and effect explained to me by counsel who provided me with the information. I understand that such information and documents, and any copies, any notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding. I agree to be bound by the terms and conditions of this Order and consent to the jurisdiction of this Court for purposes of enforcement of the terms of this Order. Further, I promise to return any copies of documents, which I have been given in connection with this Action at the end of my deposition or interview.

    Executed this _____ day of _____, 200__.

    I declare under penalty of perjury that the foregoing is true and correct.

_____