IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02606–EWN–PAC

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

Plaintiff,

v.

M&M FINANCIAL CONSULTING, INC., an Illinois corporation, MASON BOWMAN, MARK MITCHELL,

Defendants.

---

**AGREED ORDER IN LIEU OF PRELIMINARY INJUNCTION HEARING**

---

Plaintiff 20/20 Financial Consulting, Inc., ("20/20"), by and through its undersigned counsel, and Defendants M&M Financial Consulting, Inc. ("M&M"), Mason Bowman ("Bowman") and Mark Mitchell ("Mitchell"), (collectively referred to as the "Defendants"), by and through their undersigned counsel, in lieu of conducting the preliminary injunction hearing scheduled before this Court for April 27, 2006, hereby agree to the entry of this Order as follows:

ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. Within two (2) business days of the entry of this Order and in the manner set forth below, Defendants shall send out certain corrective letters that are identified in and attached to a schedule (the "Schedule") that was provided to Plaintiff's counsel on April 26, 2006, which Schedule and its contents shall be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the Stipulation and Protective Order filed in this case:

    a. Defendants shall send, with correct and accurate addresses and sufficient postage, the letter that is attached behind Tab A of the Schedule to all persons to whom Defendants sent their original marketing materials between October 25, 2005 and February 21, 2006, and

    b. Defendants shall send, with correct and accurate addresses and sufficient postage, the letter that is attached behind Tab B of the Schedule to all persons to whom Defendants sent its original marketing materials from February 21, 2006 through March 17, 2006.  Defendants shall send the letters referenced in paragraphs 1(a) and 1(b) on M&M's letterhead and in M&M envelopes.

  2. Within seven days of the entry of this Order, Defendants shall provide Plaintiff with a verified statement that they have complied with the provisions of Paragraph 1(a) and 1(b).

  3. Defendants represent and warrant that as of February 21, 2006, they immediately withdrew the client testimonials that were contained in M&M's original marketing materials and did not send those testimonials to anyone after that date.  Defendants further represent and warrant that as of March 17, 2006 they completely ceased sending M&M's Original Marketing Materials.  Defendants revised its advertisements and marketing materials and began sending those revised materials out after March 17, 2006.  A copy of the revised marketing materials is attached to the Schedule behind Tab C.

  4. Defendants represent and warrant that they have already sent the letter that is attached behind Tab D of the Schedule to each and every person to whom M&M's sent its

original marketing materials between October 25, 2005 and March 17, 2006.  The letters that are attached behind Tabs A, B, and D are hereby referred to as the "Corrective Letters".

5.  Defendants M&M, Bowman and Mitchell, their agents, servants, employees, officers, successors, assigns and any persons acting in active concert or participation with them who receive notice of this Order are hereby permanently restrained and enjoined from:

a.  sending through interstate commerce any advertising that is in violation of the Lanham Act; and

b.  making any statements or sending any correspondence to any person who received any of the Corrective Letters that would dilute or retract the statements made in those Corrective Letters.

6.  Plaintiff agrees that the Corrective Letters shall be retained under the Stipulation and Protective Order as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and Plaintiff's officers shall permanently and irretrievably delete any copies of the Corrective Letters (in final or draft form) from all of their computer systems and, those officers will not: (a) deliver or provide the Corrective Letters in any manner to anyone, including without limitation, any prospective customer, leads, or competitors, (b) post the Corrective Letters on any Website, or in any other place, or (c) use them in any other advertising and promotional materials.  In addition, Plaintiff's officers agree they will not, as of the date of this Order, disclose the existence or content of the Corrective Letters to 20/20 employees.

7.  Nothing in this Order shall prevent Defendants, their agents, servants, employees, officers, attorneys, successors, assigns and any persons acting in concert with them from

conducting business, including but not limited to small business consulting and tax negotiation and representation, so long as they comply with the provisions of this Order. Specifically, notwithstanding any provision to the contrary, Defendants may create, utilize and send any advertisements or other marketing materials that do not otherwise violate the terms of this Order.

8. The fact that the Defendants have stipulated to the terms contained in this Agreed Order and Defendants' compliance with this Order does not and shall not (a) constitute an admission by Defendants that they have violated the Lanham Act which Defendants specifically deny, or (b) prejudice Defendants' ability to contest the claims alleged in the Complaint which Defendants expressly deny.

9. In the event that this case does not settle with the full agreement of all parties on all issues, nothing contained in this order shall preclude any party from asserting any claim, defense, counterclaim or set-off that any party may have; and

10. There shall be no bond for this Order, and

11. The Motion for Entry of an Agreed Order in Lieu of a Preliminary Injunction Hearing and this Agreed Order are not admissible as evidence pursuant to Rule 408 of the Federal Rules of Civil Procedure.

12. The April 27, 2006 preliminary injunction hearing is hereby vacated.

Dated: April 26, 2006

                                         s/ Edward W. Nottingham
                                         EDWARD W. NOTTINGHAM
                                         United States District Judge